UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MARK RUID,
on behalf of himself and all
others similarly situated,

        Plaintiff,                              Case No. 22-cv-634

      v.

RIDGWAY LLC, *et al.*,

        Defendants.

## JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Named Plaintiff Mark Ruid, on behalf of himself and all others similarly situated, and Defendants Ridgway LLC and Robert Kieckhefer, jointly move this Court for final approval of their settlement in this matter in accordance with the Settlement Agreement & Release, ECF No. 50-1 ("Settlement Agreement"), as preliminarily approved by this Court. (ECF No. 52.)

## SETTLEMENT ADMINISTRATION RESULTS

On August 30, 2023, the Court entered an *Order Granting Class Certification and Authorizing Notice to All Class Members Pursuant to Fed. R. Civ. P. 23*, ECF No. 31. Thereafter, notice was sent to all members of the certified Rule 23 Class and no class members requested exclusion therefrom. (Declaration of James A. Walcheske dated November 13, 2024, ECF No. 51 ("Walcheske Nov. Decl."), ¶ 5.)

On November 13, 2024, Plaintiff filed the parties' Settlement Agreement with the Court. (ECF No. 50-1.) On November 14, 2024, this Court preliminarily approved the parties' Settlement Agreement. (ECF No. 52.)

On December 2, 2024, and pursuant to the parties' Settlement Agreement, Defendants' counsel provided Plaintiff's counsel with an updated list, in electronic form, of the names and last known addresses for all Rule 23 Class members for notice administration purposes. (Declaration of James A. Walcheske in Support of Motions ("Walcheske Decl."), ¶ 37.)

On December 7, 2024, Plaintiff's counsel mailed the Court-approved Notice to 103 Rule 23 Class members (including Named Plaintiff) via first-class U.S. mail. (*Id.* at ¶ 38.) Thereafter, fourteen (14) Notices were returned as undeliverable. (*Id.* at ¶ 39.) Of those fourteen (14), four (4) were returned with forwarding information by the United States Postal Service. (*Id.*) Plaintiff's counsel performed skip traces and was able to obtain alternative mailing information for the other ten (10). (*Id.*) Plaintiff's counsel promptly remailed all returned Notices. (*Id.*)

Pursuant to the parties' Settlement Agreement, and this Court's Order Granting Joint Motion for Preliminary Approval of Class Action Settlement, Rule 23 Class members had thirty (30) days after the date of mailing to object to the Settlement Agreement (the "Objection Deadline"). (ECF No. 50-1, ¶¶ 1.15; ECF No. 52.) Accordingly, the applicable Objection Deadline was January 7, 2025. (Walcheske Decl., ¶ 40.) No Rule 23 Class members objected to the Settlement Agreement before or after the Objection Deadline. (*Id.* at ¶ 41.)

Given the absence of any objection to the terms of the parties' Settlement Agreement, counsel for the parties submit that the terms and conditions contained therein are demonstrably fair, reasonable, and adequate.

**REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION**

The thirtieth (30th) day after the Court's entry of its Final Approval Order constitutes the Effective Date of the parties' Settlement Agreement, provided that the Order is not appealed. (ECF No. 50-1, ¶ 1.8.) Within thirty (30) days of the Effective Date, Defendants will deliver the

Settlement Checks to Plaintiff's counsel for all Rule 23 Class members and for payment of Named Plaintiff's Court-approved Service Award and Plaintiff's counsel's Court-approved attorneys' fees and costs. (*Id.* at ¶¶ 2.5.1, 2.5.3.) Within forty-five (45) days the Effective Date, Plaintiff's Counsel will mail all Settlement Checks to Rule 23 Class members via first-class U.S. mail. (*Id.* at ¶ 2.5.2.)

If a Settlement Check is returned as undeliverable, Plaintiff's counsel will take appropriate steps to identify and remail the Settlement Check to an alternative address, with the assistance of Defendants. (*Id.* at ¶ 2.5.4.) Should any Settlement Check be returned as undeliverable on two (2) occasions or should Plaintiff's counsel be unable to obtain alternative mailing information despite their best efforts, the parties' obligations to that Rule 23 Class member will be deemed to have been satisfied. (*Id.* at ¶ 2.5.6.)

Rule 23 Class members have sixty (60) days from the date a Settlement Check is (re)mailed to cash, deposit, or otherwise negotiate their Settlement Checks (the "Acceptance Period"). (*Id.* at ¶¶ 1.1, 2.5.5.) After the Acceptance Period, Settlement Checks issued pursuant to the parties' Settlement Agreement will expire and Defendants will issue a stop payment order on any and all such Settlement Checks, and such amounts shall revert to Defendants. (*Id.* at ¶ 2.5.9.)

If a Rule 23 Class member reports a lost or destroyed Settlement Check within the Acceptance Period, or otherwise requests that a Settlement Check be reissued, Plaintiff's counsel will inform Defendants' counsel of the same and, to the extent necessary, Defendants will issue a stop payment order on the original check, issue a new check, and mail the reissued Settlement Check to the Rule 23 Class member. (*Id.* at ¶ 2.5.7.) The re-issued check will then be valid for sixty (60) days from re-issuance. (*Id.* at ¶ 2.5.8.)

# ARGUMENT

I.  **THE PARTIES' SETTLEMENT AGREEMENT SHOULD BE APPROVED BECAUSE ITS TERMS ARE FAIR, REASONABLE, AND ADEQUATE**

Pursuant to Fed. R. Civ. P. 23(e)(2), "the court may [grant final approval to a settlement agreement] only after a hearing and only on finding that it is fair, reasonable, and adequate." To that end, the Court is to consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

*Id.*

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

### A. Fed. R. Civ. P. 23(e)(2)(A) Is Satisfied Because Plaintiff And Class Counsel Have Adequately Represented the Class

In *Plaintiff's Brief in Support of Motion for Class Certification and Authorization of Notice Pursuant to Fed. R. Civ. P. 23*, Named Plaintiff argued that he and Plaintiff's counsel are (and have been) adequate representatives for the Rule 23 Class. (ECF No. 23, pp. 13-15.) Defendants did not oppose such Motion and, thus, the adequacy of the same. (ECF No. 30.) Thus, in its *Order Granting Class Certification and Authorizing Notice to All Class Members Pursuant to Fed. R. Civ. P. 23*, the Court, in part, appointed Named Plaintiff as Class Representative for the Rule 23 Class, and appointed Plaintiff's counsel as Class Counsel for the certified class. (ECF No. 31.)

At no time have any conflicts of interest arisen between Named Plaintiff and the Settlement Class, as demonstrated by Named Plaintiff's entering into the Settlement Agreement, which beneficially resolves his Wisconsin law claims on behalf of the Rule 23 Class, but did and does not resolve his ongoing individual claims against Defendants. (Walcheske Decl., ¶ 44.) Similarly, at no time has Plaintiff's counsel demonstrated any manner of inadequacy in its handling of this litigation, including the resolution of Named Plaintiff's Wisconsin law wages claims on behalf and for the benefit of the Rule 23 Class. Accordingly, the parties believe that the Rule 23 Class is adequately represented.

### B. Fed. R. Civ. P. 23(e)(2)(B) Is Satisfied Because The Parties' Settlement Agreement Was Negotiated At Arm's Length

As made clear in the parties' Settlement Agreement, the Agreement resolves a *bona fide* dispute between them, with neither party conceding their respective positions despite agreeing to resolve that dispute. (ECF No. 50-1, p. 1; Walcheske Nov. Decl., ¶ 11.) Specifically, the parties disagree on Named Plaintiff's ability to prove liability concerning nondiscretionary compensation, including but not limited to whether and which forms of additional compensation qualify as

"nondiscretionary" such that they should have been included or factored-into the regular rates of Defendant's hourly employee for overtime calculation and compensation purposes. (Walcheske Nov. Decl., ¶ 11.) Then, even if liability were proven, disputes exist regarding the extent of damages, if any, Plaintiff's ability to prove willfulness under the WWPCL, the effect(s) of Defendants' affirmative defenses, and Plaintiff's ability to establish the amount/extent of any award of liquidated damages and/or civil penalties due, if any. (*Id.*)

Given these disputes, and as indicated through their filings dating back to November 2023, the parties spent a great deal of time exchanging information, engaging in negotiations toward a resolution to this litigation, and once reached in principle, reducing their agreement to writing. (*See* ECF Nos. 33, 35, 37, 39, 41; *see also* Walcheske Nov. Decl., ¶¶ 6-10.) Even then they were only successful in resolving Named Plaintiff's class claims, rather than the litigation as a whole. (*See* ECF Nos. 39, 41; *see also* Walcheske Nov. Decl., ¶ 9.)

Thus, the record makes plain that the parties' Settlement Agreement was negotiated at arm's length and in good faith, satisfying Fed. R. Civ. P. 23(e)(2)(B).

### C. Fed. R. Civ. P. 23(e)(2)(C) Is Satisfied Because The Relief Provided To The Class Is Adequate In Light Of The Circumstances Presented

The risks presented by this litigation are made clear by the disagreements between the parties outlined above, which could have significantly altered the scope of the litigation, if not resulted in Plaintiff being completely unsuccessful on his claims. By extension, then, the circumstances presented here posed significant risks to the Rule 23 Class's ability to establish liability and, even then, its ability to establish damages.

Despite those risks, the parties were able to reach a resolution to Plaintiff's class claims on behalf of the Rule 23 Class. In so doing, they achieved a certainty of outcome that is otherwise anything but a certainty under the circumstances. Further, the result achieved is incredibly

6

reasonable, in that the amount of the Settlement Fund payable to the Rule 23 Class is based on the amounts Rule 23 Class members were reasonably calculated to be allegedly "owed" in unpaid overtime resulting from Defendants' alleged failure to include all forms of nondiscretionary compensation in their regular rates of pay for overtime calculation and compensation purposes, inclusive of liquidated damages. (*See* ECF No. 50-1, ¶ 3.1.)

As a starting point, Plaintiff's additional compensation received and overtime hours worked formed the basis for the amount of the Settlement Fund. (Walcheske Nov. Decl., ¶ 13.) From there, the Settlement Fund was allocated across the Rule 23 Class dependent upon the total amount of additional compensation each class member received. (*Id.* at ¶ 14.)

Of those 103 Rule 23 Class members, approximately 55 did not receive any additional (potentially nondiscretionary) compensation during the applicable time period. (*Id.* at ¶ 15.) Those individuals are nonetheless allocated $10.00 per person to account for their release of claims. (*Id.*)

The 48 Rule 23 Class members who did receive additional forms of compensation received amounts totaling between $250.00 and $1,250.00. (*Id.* at ¶ 16.) As allocated from the Settlement Fund, such individuals will receive between $44.13 and $220.66 through the parties' settlement. (*Id.*). For comparison, Plaintiff's counsel's underlying calculations of Plaintiff's amounts "owed" totaled approximately $130.36, inclusive of liquidated damages. (*Id.* at ¶ 13.) However, because he received $1,250.00 in additional compensation, he is allocated $220.66 from the Settlement Fund. (*Id.* at ¶ 16.)

Moreover, the amounts payable to Rule 23 Class members are not impacted by Named Plaintiff's requested Service Award or Plaintiff's counsel's requested award of attorneys' fees and costs. These awards were negotiated separately from the amounts payable to the Rule 23 Class (as

7

demonstrated above) and, as such, have no bearing or effect on Class members' individual recoveries. (*See* ECF No. 50-1, ¶¶ 3.3-3.4, Ex. A.)

For all such reasons, the amounts recoverable by and payable to the Rule 23 Class are adequate, particularly in light of the risks present in this litigation and the certainty of outcome achieved without any undue delay or cost.

    **D.    Fed. R. Civ. P. 23(e)(2)(D) Is Satisfied Because The Settlement Agreement Treats Class Members Equitably**

As indicated above, the monetary value of the Settlement Fund payable to the Rule 23 Class was based on amounts Class members were reasonably calculated to be allegedly "owed" in unpaid overtime. (*See id.* at ¶ 3.1.) The specific amount recoverable by an individual Rule 23 Class member is then dependent upon the total amount of additional compensation each class member received. (Walcheske Nov. Decl., ¶ 14.) In this manner, no subjective criteria were used or applied to determine any Class member's potential recovery and the same is based on each individual's reasonably determined amount owed.

Further, and pursuant to the terms of the parties' Settlement Agreement, Rule 23 Class members are automatically recovering their allocated amounts from the Settlement Fund without having to take any action whatsoever. (*See* ECF No. 50-1, Ex. A.)

Thus, not only are Class member's recoveries based in reasonable, objective criteria, but they are also treated equally and equitably pursuant to the terms of the parties' Settlement Agreement. Thus, the Agreement satisfies Fed. R. Civ. P. 23(e)(2)(D).

## **CONCLUSION**

For all of the reasons herein, the parties respectfully request that this Court:

1. Grant final approval of the Settlement Agreement, and find that its terms are fair, reasonable, and adequate as it applies to the Rule 23 Class;

2. Declare the Agreement to be binding on Plaintiff, Defendants, and the Rule 23 Class;

3. Order that Named Plaintiff's released claims and the respective released claims of the Rule 23 Class are dismissed with prejudice;

4. Grant Plaintiff's Unopposed Motion for Approval of Service Award and approve Named Plaintiff's Service Award in the amount of $1,000.00; and

5. Grant Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs and approve counsel's requested award of attorneys' fees and costs in the total amount of $40,396.21.

Dated this 21st day of February, 2025.

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>Counsel for Plaintiff | MICHAEL BEST & FRIEDRICH LLP<br>Counsel for Defendants |
| s/ *James A. Walcheske*<br>James A. Walcheske, State Bar No. 1065635<br>Scott S. Luzi, State Bar No. 1067405<br>WALCHESKE & LUZI, LLC<br>235 North Executive Drive, Suite 240<br>Brookfield, Wisconsin 53005<br>Email: jwalcheske@walcheskeluzi.com<br>Email: sluzi@walcheskeluzi.com<br>Telephone: (262) 780-1953 | s/ *Devin S. Hayes*<br>Charles B. Palmer, State Bar No. 1001322<br>Devin S. Hayes, State Bar No. 1089943<br>MICHAEL BEST & FRIEDRICH LLP<br>790 North Water Street, Suite 2500<br>Milwaukee, Wisconsin 53202<br>Email: cbpalmer@michaelbest.com<br>Email: dshayes@michaelbest.com<br>Telephone: (414) 225-2744 |